**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TRACEY BINGHAM,

    Plaintiff,

                          Case No. 3:23-cv-327-TJC-PDB

v.

COOPERSURGICAL, INC.,
FEMCARE, LTD., and UTAH
MEDICAL PRODUCTS, INC.,

    Defendants.

_____

## **O R D E R**

This case is one of many around the country contending that Filshie Clips have caused women harm. It is before the Court on Defendant Femcare, Ltd.'s Motion for Summary Judgment (Doc. 76),[1] Defendant Utah Medical Products, Inc.'s Motion for Summary Judgment (Doc. 78), and Plaintiff Tracey Bingham's Motion for Partial Summary Judgment. (Doc. 84). The Court held a hearing on the motions for summary judgment on August 20, 2025, and gave the parties an opportunity to agree to a second settlement conference because the first resulted in an impasse. (Doc. 106). The parties did not agree to the second settlement conference. (Doc. 112).

---

[1] Defendants CooperSurgical, Inc. and Utah Medical Products, Inc. also filed joinders to Femcare's Motion for Summary Judgment. (Docs. 77, 78).

After an initial hearing on February 20, 2024, the Court denied Defendants' motions to dismiss and allowed the case record to be fully developed. (Doc. 46). In the meantime, three factually similar cases within the Eleventh Circuit held that preemption bars the same alleged product liability claims involving Filshie Clips, including one from this district decided by Judge Mendoza. See Rebando v. CooperSurgical, Inc., No. 6:22-cv-177-CEM-LHP, 2024 WL 6816971 (M.D. Fla Sep. 3, 2024); Mack v. CooperSurgical, Inc., No. 1:22-cv-54-RAH, 2024 WL 4427846 (M.D. Ala. Oct. 4, 2024); Blevins-Ellington v. CooperSurgical, Inc., No. 1:22-cv-197-LMM, 2025 WL 2437387 (N.D. Ga. Aug. 8, 2025).

At the August 2025 summary judgment hearing, Plaintiff conceded that there are no meaningful distinctions between this case and Rebando. After the hearing, the Court did another deep dive to determine whether Plaintiff had any path to avoid preemption. The Court concludes there is no such path. If the Court were to write a lengthy opinion, it would necessarily reach the same conclusion as Rebando and the other cases, both in this circuit and nationwide, finding these claims preempted.

Despite the aphorism "for every wrong there is a remedy," Plaintiff's potential remedy here is preempted. Whether that represents sound policy is not for the undersigned to say. The Court is constrained to grant Defendants' motions for summary judgment.

Accordingly, it is hereby

**ORDERED:**

1.    Defendant Femcare, Ltd.'s Motion for Summary Judgment (Doc. 76), which Defendants CooperSurgical, Inc. and Utah Medical Products, Inc. joined, and Defendant Utah Medical Products, Inc.'s Motion for Summary Judgment (Doc. 78) are **GRANTED**.

2.    Plaintiff Tracey Bingham's Motion for Partial Summary Judgment (Doc. 84) is **DENIED**.

3.    The remaining motions to exclude expert witness opinions and evidence (Docs. 79–83, 85–86) are **DENIED AS MOOT**.

4.    The Clerk is **DIRECTED** to enter judgment in favor of Defendants Femcare, Ltd., CooperSurgical, Inc., and Utah Medical Products, Inc. and against Plaintiff Tracey Bingham and close the file.[2]

**DONE AND ORDERED** in Jacksonville, Florida, the 24th day of March, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd/hms
Copies to: Counsel of record

---

[2] While the Court will consider a costs bill if filed, the Court is disinclined to tax costs against Plaintiff.